JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 22 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE FMC CORPORATION PATENT LITIGATION   DOCKET NO. 255

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,
STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE
PANEL

---

PER CURIAM

This litigation consists of five actions pending in
three different federal districts -- two each in the
District of Kansas and the Eastern District of Wisconsin,
and one in the Northern District of Ohio.  All the actions
involve the validity and alleged infringement of a
single patent, No. 3,875,607, the rights to which are
held by FMC Corporation.  The patent relates to the
construction of a gutter brush used in street
sweeping machines, and to wear-replacement parts for this
brush.  FMC, through its Industrial Brush Division,
manufactures street sweepers, and brushes and replacement
brush parts for these sweepers.  One of its products,
which is covered by the patent in question, is
a plastic block designed to support wear-replacement

---

*Although Judge Wisdom was not present at the Panel hearing,
he has, with the consent of all parties, participated in
this decision.

bristles.  That block, with bristles installed, is secured to the carrying plate of the machine for ultimate use.  Jenkins Equipment Company is a manufacturer and seller of brushes and wear-replacement brush parts for street sweepers.  It also produces a block, or bristle holder, which is sold with or without bristles to a number of customers.  Those persons purchasing bare blocks install their own bristles for ultimate sale of completed brush units to the owners of sweepers.  Two of Jenkins' customers are Kennedy Van Brush Co. and Zarnoth Brush Co.

In 1975, FMC brought separate patent infringement actions against Kennedy and Zarnoth in the District of Kansas and the Eastern District of Wisconsin, respectively. Each action alleges that the defendant infringed patent 3,875,607 by making, using and selling components for use in gutter brushes of street sweepers.  FMC requests, inter alia, that the patent be adjudged valid and that both defendants be enjoined from using or contributing to the use of any invention covered by the patent.  The claims in each action are virtually identical.  Defendants have filed counterclaims challenging the validity of the patent.

FMC has since filed motions in these two actions to add Jenkins as a co-defendant; and has also filed two additional actions, one each in Kansas and Wisconsin, naming Jenkins and its sales company, Sweepster Inc., as defendants.  The second action in Wisconsin also includes Zarnoth as a defendant.  Motions are pending in the four actions to dismiss Jenkins and Sweepster for lack of venue.

Early in May of 1976, Jenkins filed the Ohio action against FMC attacking the validity of the patent. Jenkins claims that its bristle holder and bristles do not infringe the claims of the patent in view of the limitations necessarily placed upon it in light of prior art.  Jenkins further alleges that FMC has attempted to use enforcement of the patent and refusal of licensing agreements in an unlawful attempt to monopolize trade in the sale of gutter brush replacement parts, in violation of the federal antitrust laws.  Jenkins asks the court to (1) declare the patent void and invalid, (2) declare the patent not infringed by Jenkins or its customers, (3) declare the patent legally unenforceable because of misuse by the defendant, and (4) award treble damages.

These actions are before the Panel pursuant to two motions for transfer under 28 U.S.C. §1407: the first filed by Jenkins to transfer one of the Wisconsin and Kansas actions to the Northern District of Ohio for coordinated or consolidated pretrial proceedings with the action pending there, and the second filed by FMC for transfer of all five actions to the District of Kansas. All parties agree on the propriety of transferring this litigation to a single district for pretrial proceedings, though they disagree on the appropriate transferee district.

We find that these actions involve common questions of fact and that their transfer to the District of Kansas for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

All parties recognize, and we agree, that this litigation involves common factual questions concerning the validity of the patent held by FMC and that transfer is therefore necessary in order to eliminate duplication of discovery and prevent inconsistent pretrial rulings. See In re Joseph F. Smith Patent Litigation, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); In re Triax Company Patent Litigation, 385 F. Supp. 590, 591 (J.P.M.L. 1974). Moreover, since

all the alleged infringers use the same product furnished
by Jenkins, common factual questions are also present con-
cerning the infringement issue.

Jenkins favors the Northern District of Ohio over the
District of Kansas as the transferee forum because the
action pending there contains broader issues than any other
action involved in this litigation, and because that forum
has jurisdiction over all parties to the actions, whereas
Jenkins and Sweepster contest in personam jurisdiction and
venue in the Kansas forum.[1/] Jenkins further argues that
this lack of jurisdiction and venue makes the District of
Kansas an inappropriate transferee forum because that
court would lack authority to enforce its rulings on
discovery matters through the imposition of sanctions
unless Jenkins and Sweepster voluntarily waive their ob-
jections to venue.

We find these arguments unpersuasive. Jenkins' con-
tentions  regarding jurisdiction and venue are based on
a total misconception of Section 1407. Transfers under
Section 1407 are simply not encumbered by considerations
of in personam jurisdiction and venue. See In re Sugar

---

[1/]Note, however, that Jenkins stated in its papers sub-
mitted to the Panel that it has become the real party in
interest in all the actions through hold harmless agree-
ments which it furnished Kennedy and Zarnoth, and that
it is paying for and controlling the defense of their
actions.

Industry Antitrust Litigation, 399 F. Supp. 1397, 1400
(J.P.M.L. 1976), and In re Revenue Properties Co., 309
F. Supp. 1002, 1004 (J.P.M.L. 1970).  A transfer under
Section 1407 is, in essence, a change of venue for pre-
trial purposes.  Following a transfer, the transferee
judge has all the jurisdiction and powers over pretrial
proceedings in the actions transferred to him that the
transferor judge would have had in the absence of transfer.
In re Plumbing Fixture Cases, 298 F. Supp. 483, 495-96
(J.P.M.L. 1968).

     An evaluation of all relevant factors leads us to
the conclusion that the District of Kansas is a more
appropriate transferee forum for this litigation.  Dis-
covery is more advanced in one of the Kansas actions than
in any other action.  And Judge Earl E. O'Connor, to whom
the Kansas actions are assigned, has had an opportunity
to become acquainted with this litigation, which puts him
in the best position to supervise all the actions toward
their most just and expeditious termination.  See In re
Griseofulvin Antitrust Litigation, 395 F. Supp. 1402,
1403 (J.P.M.L. 1975).

     IT IS THEREFORE ORDERED that the actions listed on
the following Schedule A and pending in districts other
than the District of Kansas be, and the same hereby are,
transferred to the District of Kansas and, with the

consent of that court, assigned to the Honorable Earl
E. O'Connor for coordinated or consolidated pretrial
proceedings pursuant to 28 U.S.C. §1407 with the actions
pending in that district and listed on Schedule A.

## SCHEDULE A

DOCKET NO. 255 -- In re the FMC Corporation Patent
            Litigation

### EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FMC Corporation v. Zarnoth Brush Works, Inc. | Civil Action No. 75-C-669 |
| FMC Corporation v. Zarnoth Brush Works, Inc., Jenkins Equipment Co., Inc. and Sweepster, Inc. | Civil Action No. 76-C-316 |

### DISTRICT OF KANSAS

| | |
|---|---|
| FMC Corporation v. Kennedy Van Brush Mfg., Inc. | Civil Action No. 75-244-C2 |
| FMC Corporation v. Jenkins Equipment Co., Sweepster, Inc. | Civil Action No. 76-94-C2 |

### NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Jenkins Equipment Co. v. FMC Corporation | Civil Action No. C-76-439 |